UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF INDIANA
                           FORT WAYNE DIVISION

JAMES EDWARD GROOVER, II,       )
                                )
        Plaintiff,               )
                                )
        v.                       )       CAUSE NO. 1:09-CV-337-TLS
                                )
KENNETH C. FRIES, and            )
SGT. MAGDICH,                    )
                                )
        Defendants.              )

                              **OPINION AND ORDER**

 James Edward Groover, II, a prisoner confined at the Allen County Jail who is proceeding *pro se* in this action, filed this lawsuit pursuant to 42 U.S.C. § 1983 naming the jail as the sole Defendant. Because the Plaintiff may not proceed against the jail in this action, the Court struck the initial Complaint [DE 1] and afforded the Plaintiff the opportunity to file an amended complaint naming the persons he believes were responsible for the alleged violation of his federally protected rights. The Plaintiff filed an Amended Complaint [DE 8] naming Allen County Sheriff Kenneth Fries and Custody Sergeant Magdich as Defendants.

                              **SCREENING STANDARD**

 A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it (or any portion of it) if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from

such relief.

Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the following standard regarding the factual allegations that are required to survive dismissal for failure to state a claim:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). A court must accept as true all well-pleaded facts and draw all permissible inferences in the plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, a court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

## COMPLAINT ALLEGATIONS

In his Amended Complaint, the Plaintiff alleges that on November 17, 2009, Custody Sergeant Magdich damaged his legal materials by ripping the corners off to remove the staples, rendering portions of his legal materials unreadable. He also alleges that Sergeant Magdich and other officers also "took a bottle of Wisk laundry detergent from me without consent. Once you open a Wisk, it leaks. So I transferred the Wisk to an empty shampoo bottle. This didn't hurt anyone." (Am. Compl. 4, DE 8.) Finally, the Plaintiff states that he argued with Sergeant Magdich about stealing and damaging his property and that officers searched his property again on November 18, 19, and 21. He alleges that "[t]he searches were obviously plain harassment" and "a violation of my right to be housed in a harassment-free environment." (Am. Compl. 4, DE 8.)

**DISCUSSION**

The Plaintiff has brought this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States and show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court begins by considering whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. The Fourteenth Amendment's Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law," but neither a negligent deprivation of property nor an unauthorized intentional deprivation of property by a state employee constitutes a violation of the procedural requirements of the Fourteenth Amendment if the state provides an adequate postdeprivation remedy for the loss. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). As a general rule, the Indiana Tort Claims Act, Ind. Code § 34-13-3-1 *et seq.*, provides a sufficient remedy for loss of personal property, including loss of or damage to legal materials. *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987) (addressing a prisoner's allegation that prison officials lost or destroyed his legal papers and law books). The Court will dismiss this state law claim without prejudice so that the Plaintiff may pursue it in a state forum.

The Plaintiff also alleges in his Amended Complaint that, after he argued with Sergeant Magdich, officers harassed him by searching his cell several times, thereby violating his "right to be housed in a harassment-free environment." (Am. Compl. 4, DE 8.) Prisoners, however, do not have a right to be housed in a harassment-free environment, and there is "a *de minimis* level of

imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *see also DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (simple verbal abuse and harassment are not sufficient to state a claim under § 1983). In *Dobbey v. Illinois Department of Corrections*, 574 F.3d 443 (7th Cir. 2009), a black prisoner alleged that a correctional officer harassed him by placing a noose where he could see it and "'crossed his arms looking crazy with evil eyes.'" *Id.* at 444. The Seventh Circuit stated:

> Any harassment of a prisoner increases his punishment in a practical sense, if we equate punishment to the infliction of disutility (and why not?). But harassment, while regrettable, is not what comes to mind when one thinks of "cruel and unusual" punishment. Nor does it inflict injury comparable in gravity to failing to provide a prisoner with adequate medical care or with reasonable protection against the violence of other prisoners. The line between "mere" harassment and "cruel and unusual punishment" is fuzzy, but we think the incident with the noose and the "evil eyes" falls on the harassment side of the line because it was not a credible threat to kill, or to inflict any other physical injury. The case falls well short of *Burton v. Livingston*, 791 F.2d 97, 100–01 (8th Cir. 1986), where a prisoner alleged that a guard pointed a gun at him, cocked it, called him "nigger," and repeatedly threatened to shoot him, or *Irving v. Dormire*, [] 519 F.3d [441,] 449–50[ (8th Cir. 2008)], where a prisoner alleged that a guard had threatened to kill him, repeatedly offered a bounty to any prisoner who would assault him, and gave a prisoner a razor blade with which to assault him.

*Dobbey*, 574 F.3d at 446.

The conduct alleged here likewise falls on the harassment side of the line. That custody officers at the Allen County Jail performed three searches on the Plaintiff's cell after he argued with Sergeant Magdich states no § 1983 claim upon which relief can be granted against Defendants Magdich and Fries.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the Plaintiff's Amended Complaint

pursuant to 28 U.S.C. § 1915A. The dismissal of the Plaintiff's property claims is without prejudice.

SO ORDERED on April 22, 2010.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT